UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.7:04-CR-050-F

| | | |
|---|---|---|
| NATHAN YOUNG, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

This matter is before the court on Petitioner's letter, asking the court to suspend his payment of fines until he is released from prison. [DE-51] Upon sentencing, Petioner was ordered to pay a $5,000 fine "in full immediately." [DE-15]. In his letter, the Petitioner states that, given his current inmate earnings of $18.00 per month and lack of any other assets, he is unable to make payments on the fine portion of his sentence without placing undue hardship on his family. Essentially, Defendant contends that she presently does not earn enough money in her prison job to make payments on his fine during his incarceration. Thus, Petitioner seeks an order suspending his fine until he is released from prison [DE- 51].

Because Defendant complains that his inability to pay is allegedly caused by the manner in which his sentence is being executed, this court determines that Petitioner's letter appropriately is construed as a Motion to Suspend Fines under 28 U.S.C. § 2241. *See, e.g., Jaworski v. Gutierrez*, No. 5:06CV157, 2007 U.S. Dist. LEXIS 62414 (N.D.W. Va. Aug. 23, 2007) (recognizing § 2241 as the appropriate remedy when the defendant complains not of the constitutionality of his sentence, but instead of the manner in which his sentence is being executed.).

Prior to seeking any relief of his payment obligations, Petitioner first must exhaust all remedies through the Bureau of Prisons. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973). Thereafter, in order to challenge his payment obligations, Petitioner must file

the appropriate pleadings in the district court of her confinement, not the sentencing court. *See In re Jones,* 226 F.3d 328, 332 (4th Cir. 2000). Therefore, because this court is not the district court of Defendant's confinement, but rather his sentencing court, Defendant's Motion to Suspend Fines is DENIED.

SO ORDERED. This the 29th day of June, 2010.

James C. Fox
Senior United States District Judge